UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

    Plaintiff,

  v.

DOUG WADDINGTON *et al.*,

    Defendants.

Case No. C04-5161

REPORT AND RECOMMENDATION

**NOTED FOR:
June 3rd, 2005**

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is plaintiff's amended motion for a temporary restraining order and preliminary injunction. (Dkt. # 70). Plaintiff supplemented his motion. (Dkt. # 81). The only defendant who has been served responded to plaintiff's first attempt to seek injunctive relief and did not re-file a pleading in opposition. (Dkt. # 69). The court has considered the entire file.

<u>The motion</u>

Plaintiff complains that he has been transferred back to Stafford Creek Corrections Center and is under the authority of the defendants. He complains that he must follow the rules of the facility to

REPORT AND RECOMMENDATION  1

obtain access to courts. (Dkt. # 70). Plaintiff complains that he has been infracted for being at the law library when he was not on the call out list. He alleges he had priority access on these occasions but does not tell the court what priority access is. (Dkt. # 70). He complains of photo copying procedures, mail handling procedures, and the states refusal to send certified mail for him at state expense. He does not show any actual denial of access to court. (Dkt. #70 and 81).

## DISCUSSION

The basic function of injunctive relief is to preserve the <u>status quo ante litem</u> pending a determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com'n v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative." <u>Cassim v. Bowen</u>, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

<u>Id</u>. (citations omitted).

Plaintiff fulfills neither test. The fact that plaintiff must follow rules to obtain access to court does not entitle plaintiff to relief and does not show retaliation. The court expects plaintiff to follow the rules of the facility in obtaining access and file a motion for relief only when following the rule does not allow for or provide access. Plaintiff fails to allege or show any threat of immediate irreparable injury or a likelihood of prevailing on the merits.

The fact that copies are only available two days a week or that a person needs to be on a call out list to go to the library does not mandate any relief as long as following the rules allows plaintiff to obtain copies and reasonable law library access. Plaintiff has no right to send certified mail.

## CONCLUSION

For the reasons outlined above the undersigned recommends the court **DENY** plaintiff's motion for a temporary restraining order or preliminary injunction. A proposed order accompanies

REPORT AND RECOMMENDATION  2

1  this Report and Recommendation.

2  Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
3  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R.
4  Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.
5  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is
6  directed to set the matter for consideration on **June 3rd, 2005**, as noted in the caption.

7  DATED this 3rd day of May, 2005.

10  Karen L. Strombom

28  REPORT AND RECOMMENDATION  3