UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

        Plaintiff,

    v.

DOUG WADDINGTON *et al.*,

        Defendants.

Case No. C04-5161FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
June 24th, 2005**

        This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court are plaintiff's amended motion for summary judgement, (Dkt. # 68, and defendant's cross motion for summary judgment. Dkt. # 72).

        As a preliminary matter the court notes that Defendant Tiapula has not yet been served with a copy of the amended complaint. An order directing service was not entered until May 3rd, 2005. Therefore any motion regarding her is premature and will not be considered at this time. The motions will proceed only as to defendant Waddington.

FACTS

        Plaintiff alleges his criminal sentence became final on July 18th, 2001 and that under Washington

REPORT AND RECOMMENDATION  1

1   State Court Rules and the Revised Code of Washington plaintiff had until July 18th, 2002 to file a
2   collateral challenge to his sentence and conviction. On May 19th, 2002 plaintiff was placed in the
3   Intensive Management Unit of the Stafford Creek Corrections Center for disciplinary reasons. On May
4   21st, 2002 plaintiff asked defendant Tiapula for access to his legal material. (Dkt. # 58, amended
5   complaint, page 28 kite dated May 21st, 2002). The response was that he needed a "verifiable court
6   assigned hearing date within 45 days." (Dkt. # 58, amended complaint, page 28 kite dated May 21st,
7   2002)(emphasis in original). Multiple kites or requests for legal access meet with the same response and
8   plaintiff filed a grievance. His grievance was denied and plaintiff appealed to superintendent
9   Waddington. On July 17th, 2002, one day before plaintiff's collateral challenge was allegedly due,
10  defendant Waddington denied the appeal because staff investigating the grievance found that at no time
11  did plaintiff produce proper documentation or fill out a request for priority access to the law library. The
12  response indicates "Staff have searched your personal property to assist you in locating this
13  documentation and the results of the search were negative." (Dkt. # 72, page 13, Level II grievance
14  response).

15  After plaintiff was transferred to another facility he received his legal property and on December
16  5th, 2002 he submitted his collateral challenge. The challenge was dismissed as untimely. This action
17  followed.

18                                              DISCUSSION
19      A.      The Standard.
20  Pursuant to Fed. R. Civ. P. 56 (C), the court may grant summary judgment "if the pleadings,
21  depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show
22  that there is no genuine issue of material fact and that the moving party is entitled to judgment as a
23  matter of law." Fed. R. Civ. P. 56 (C). The moving party is entitled to judgment as a matter of law
24  when the nonmoving party fails to make a sufficient showing on an essential element of a claim on
25  which the nonmoving party has the burden of proof. Celotex corp. v. Catrett, 477 U.S. 317, 323
26  (1985).

27  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a
28  REPORT AND RECOMMENDATION  2

rational trier of fact to find for the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 253 (1986); <u>T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association</u>, 809 F.2d 626, 630 (9th Cir. 1987).

      B.    <u>Plaintiff's motion</u>.

Reviewing plaintiff's motion against defendant Waddington the court finds the amended complaint to state a viable cause of action. Defendant Waddington was acting under color of state law on July 17th, 2002 when he signed a grievance that allegedly denied plaintiff access to a law library. Plaintiff alleges the result of that action was his inability to file a timely collateral challenge to his conviction and sentence. A claim for denial of access to courts requires an actual injury. <u>Lewis v. Casey</u>, 518 U.S. 343. (1996). A finding of fact regarding causation and extent of injury prevents summary judgment, however it appears plaintiff has an arguable claim.

      C.    <u>Lack of injury</u>.

Defendant argues that a delay in providing legal materials to inmates in segregation does not rise to the level of a constitutional violation, even if the delay results in actual injury, as long as the reason for the delay was a valid penological reason. Defendants cite to <u>Lewis v. Casey</u>, for this proposition. <u>Lewis v. Casey</u>, 518 U.S. at 362. The <u>Lewis</u> court found that delays in providing access to legal materials or assistance of up to 16 days did not violate the constitution as long as the delay was the product of prison regulations reasonably related to legitimate penological interests even if the delay resulted in actual injury.

Here, the court is looking at a delay from May 19th, 2002 until well after July 18th, 2002. The court declines to accept that a delay of 60 days is entitled to the same consideration as a 16 day delay. The court finds significant the fact that the policy would allow for access if plaintiff could produce a document from a court verifying a due date.

REPORT AND RECOMMENDATION  3

D. <u>Negligence</u>.

Defendant next argues:

> Even assuming *arguendo* that Defendant Waddington should have discovered that Plaintiff had a deadline and was entitled to priority access to legal materials when Defendant Waddington was responding to Plaintiff's Level II grievance, this failure is, at most, negligence. That Plaintiff may have suffered harm, even if due to another's negligent conduct, does not in itself necessarily demonstrate an abridgment of constitutional protections. <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986).

(Dkt. # 72 page 11). The court rejects this line of reasoning. <u>Davidson</u> stands for the proposition that a negligent act in and of itself does not equate to a constitutional violation, even if the act results in a non constitutional injury. Here the alleged constitutional violation is a denial of access to courts. Any act, negligent or not, that results in a violation of a constitutional right is beyond the holding of <u>Davidson</u>. The holding in <u>Davidson</u> simply ensures that the Civil Rights Act does not become a new type of tort law where all a plaintiff need prove is negligence and some type of injury.

E. <u>Personal Participation and Causation</u>.

Defendant next argues lack of personal participation. Defendant correctly notes that liability in a civil rights action is based upon personal participation. (Dkt. # 72, page 13 and 14). Defendant Waddington is also correct in noting "[t]o be liable for 'causing' the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, which he or she is legally required to do, which causes the plaintiff's deprivation. <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). One day before plaintiff's collateral challenge was due in court the defendant Waddington signed a document that affirmed a decision to deny plaintiff access to legal materials and assistance. Thus defendant Waddington committed an act which affirmed a decision of his subordinates. This satisfies the personal participation requirement.

Obviously the concept of causation is closely associated with the concept of personal participation. In considering causation the court is guided by the holding in <u>Leer v Murphy</u>, 844 F.2d 628 (9th Cir. 1988). The court considers the defendants position and duties. As the person deciding a grievance appeal defendant Waddington was in a position to overturn the decision of the law librarian and grant access to legal materials for the plaintiff. He failed to do so. The alleged result was plaintiff's

REPORT AND RECOMMENDATION  4

inability to file a timely collateral attack on his judgment and sentence.  The facts as alleged and evidence before the court are certainly adequate to allow this question to go to a trier of fact.

  F. <u>Qualified Immunity</u>.

  Defendant is entitled to qualified immunity from damages for civil liability as long as his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  The existence of qualified immunity generally turns on the objective reasonableness of the actions, generally without regard to the knowledge or subjective intent of the particular official. <u>Id</u>. at 819.

  To be clearly established, the law must be sufficiently clear that a reasonable official would understand that his or her action violates that right. <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987).  The court should look to whatever decisional law is available to determine whether the law was clearly established at the time the alleged acts occurred. <u>Capoeman v. Reed</u>, 754 F.2d 1512, 1514 (9th Cir. 1985).

  In some cases the decision to grant or deny qualified immunity does turn on the facts known to the defendant.  A person acting under color of state law is entitled to qualified immunity if they could reasonably have believed their action constitutional given the facts know to him at the time he acted. <u>Act/up! Portland v. Bagley</u>, 988 F.2d. 868 (9th Cir. 1993).  The Court Stated:

> We interpret *Hunter* to hold that the question of whether a reasonable officer could have believed probable cause (or reasonable suspicion) existed to justify a search or an arrest is "an essentially legal question," *Forsyth*, 472 U.S. at 526, 105 S.Ct. at 2815, that should be determined by the district court at the earliest possible point in the litigation. Where the underlying facts are undisputed, a district court must determine the issue on motion for summary judgment.
>
> The threshold determination of whether the law governing the conduct at issue is clearly established is a question of law for the court. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. The determination of whether the facts alleged could support a reasonable belief in the existence of probable cause or reasonable suspicion is also a question of law to be determined by the court. *Hunter*, 502 U.S. at ----, 112 S.Ct. at 537; see *Anderson*, 483 U.S. at 641, 107 S.Ct. at 3039; *Malley*, 475 U.S. at 341, 106 S.Ct. at 1096; *Forsyth*, 472 U.S. at 526, 105 S.Ct. at 2815; *Harlow*, 457 U.S. at 813-20, 102 S.Ct. at 2735-39.

  The facts known to defendant Waddington at the time he acted cannot reasonably be disputed.  The information he had available to him was provided by the Custody Unit Supervisor

REPORT AND RECOMMENDATION  5

1 who conducted the level two investigation.  All defendant Waddington knew was that plaintiff
2 claimed a court due date but had come forward with no evidence to support his claim.  Staff had
3 searched plaintiff's personal property in an attempt to locate a document that would provide a due
4 date but had found none.  (Dkt. # 72, page 13, level II grievance appeal).

5 Given this information defendant Waddington could reasonably have believed his denial of
6 plaintiff's request lawful as there did not appear to be a due date.  The defendant's motion for
7 summary judgement on the issue of qualified immunity should be **GRANTED.**

## CONCLUSION

9 For the reasons outlined above the undersigned recommends the court **DENY** plaintiff's
10 motion for summary judgment and grant defendant Waddington qualified immunity from liability.  A
11 proposed order accompanies this Report and Recommendation.

12 Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
13 parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R.
14 Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.
15 Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is
16 directed to set the matter for consideration on **June 24th, 2005**, as noted in the caption.

19 DATED this 25th day of May, 2005.

Karen L. Strombom
United States Magistrate Judge

28 REPORT AND RECOMMENDATION  6