UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

    Plaintiff,

    v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C04-5161 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: JULY 28, 2006**

This 42 U.S.C. § 1983 Civil Rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is plaintiff's motion for a temporary injunction. (Dkt. # 171).

**I. STATEMENT OF FACTS**

Plaintiff seeks to prevent his transfer from the Stafford Creek Corrections Center (SCCC) to the Airway Heights Corrections Center (AHCC). Plaintiff was incarcerated in the Intensive Management Unit (IMU) at SCCC due to disciplinary issues. (Dkt. # 171; Dkt. # 179, Exh. 1). On May 15, 2006, Plaintiff was transferred to AHCC. (Dkt. # 179, Exh. 1). Plaintiff seeks this injunction so that he may proceed with depositions he states were noted for June 20, 2006 at the

REPORT AND RECOMMENDATION - 1

1  SCCC.  Plaintiff believes that the transfer will preclude his ability to complete discovery in a timely
2  fashion given the present discovery deadlines.
3      Defendants contend that the depositions plaintiff attempted to schedule for June 20, 2006 are
4  not valid as plaintiff improperly served subpoenas for non-party witnesses on defense counsel.  In
5  addition, plaintif has not noted a deposition for the one defendant in this matter.  However, plaintiff
6  and defense counsel are apparently working on finding a mutually agreeable time to proceed with the
7  deposition.

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

> The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).

In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. Rizzo v. Goode, 423 U.S. 362, 378 (1976).   The purpose of a preliminary injunction is to preserve the status quo between the parties pending a final determination on the merits. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Chalk v. United States Dist. Ct., 840 F.2d 701, 704 (9th Cir. 1988).   It is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945); Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997).

In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. Canal Authority of the State of Florida v.

REPORT AND RECOMMENDATION - 2

Callaway, 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." Johnson v. California State Bd. Of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995); Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." Funds for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992).

Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. Cassim, 824 F.2d at 795. Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. Id. at 795. Under either test, plaintiff fails to carry his burden to obtain preliminary injunctive relief in this case.

### III. ARGUMENT

Plaintiff fails to show that he is at risk of actual or substantial injury without intervention of the court. There is no indication that plaintiff's transfer places him at any risk of substantial injury. It appears that plaintiff's current placement at AHCC has had little to no effect on the taking of depositions that have not yet been properly scheduled. In addition, since the filing of his motion, the court has issued an amended scheduling order, which allows additional time for discovery.

As no irreparable injury will come to plaintiff due to his transfer, his request for a temporary restraining order should be denied.

REPORT AND RECOMMENDATION - 3

### IV. CONCLUSION

The court recommends that plaintiff's motion for preliminary injunction (Dkt. # 171) be **DENIED**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **July 28, 2006**, as noted in the caption.

DATED this  3rd  day of July, 2006.

*[signature]*
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4