1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

KEITH L. NASH

10
                    Plaintiff,

11
         v.

12
DOUG WADDINGTON, *et al.*,

13
                    Defendants.

14

Case No. C04-5161 FDB/KLS

ORDER DENYING MOTIONS FOR
APPOINTMENT OF COUNSEL, FOR
"FILING/NOTIFICATION," TO
COMPEL AND WARNING
PLAINTIFF

15          This civil rights action has been referred to United States Magistrate Judge Karen L.

16   Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 1, 3 and 4.  Plaintiff has been

17   granted leave to proceed *in forma pauperis.*  (Dkt. # 3).  Before the court are various motions by

18   plaintiff, including plaintiff's fourth motion for the appointment of counsel (Dkt. # 198), motion to

19   compel the defense to present discovery (Dkt. # 195), a "request" to file all "relevant motions that

20   have been untimely filed during the course of this pending litigation" (Dkt. # 190), and a

21   "notification" (Dkt. # 212), which the plaintiff asks to be liberally construed as a motion for

22   preliminary injunction.  The motions shall be **DENIED**.

23          **1.      Motion for Appointment of Counsel**

24          As the plaintiff has been repeatedly advised, there is no right to have counsel appointed in

25   cases brought under 42 U.S.C. § 1983.  Although the court, under 28 U.S.C. § 1915(d), can request

26   counsel to represent a party proceeding *in forma pauperis*, the court may do so only in exceptional

27   circumstances.  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy,

28   ORDER - 1

745 F.2d 1221, 1236 (9th Cir. 1984); <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*.   Plaintiff has filed several motions in this case and has engaged in discovery without the assistance of counsel. The issue in this case, whether or not plaintiff has been denied access to courts, is not complex.  Nor has plaintiff provided any evidence of exceptional circumstances or a likelihood of success on the merits.  Accordingly, plaintiff's motion for the appointment of counsel (Dkt. # 198) is **DENIED.**

### 2.   **Motions for "Filing"/"Notification"**

The court is troubled by the plaintiff's repeated motions for counsel in this case, as well as various "directives" to the court, which the plaintiff loosely styles as motions and notes on the court's calendar.  Docket number 190 is an example of such a "motion," in which plaintiff requests the court clerk "to allow proper filings of all relevant motions which have been denied to effectuate service and copies to the opposing party and to the court."  In this filing, plaintiff asks the court to summarily rule that any filing that was untimely filed be deemed timely filed based on the fact that he is an indigent plaintiff.  Another example is docket number 212, in which plaintiff requests that his objections to this court's report and recommendation (Dkt. # 188) be deemed timely filed.  Plaintiff entitles this filing as a "Notification to the Court Clerk and Opposing Party," and notes the "motion" for consideration well past the time for filing objections to the report and recommendation.  (*See* Dkt. # 190).  Plaintiff's actual objections to the report and recommendation, which were timely filed on July 27, 2006 (Dkt. # 207-208), were considered by the District Court before it adopted the report and recommendation on August 1, 2006.  (Dkt. # 203).

The court is aware of plaintiff's indigent status and the manner in which his pleadings and motions should be construed.  Plaintiff is reminded that he is bound by the Federal Rules of Civil Procedure in the conduct of his lawsuit.  Under Rule 11 of the Federal Rules of Civil Procedure, plaintiff's signature on a pleading is an indication that the motion is brought in good faith and is not

ORDER - 2

1   designed to needlessly increase the cost of litigation.  Plaintiff's recent filings merely serve to fill up

2   the court's calendar needlessly with senseless motions.  Plaintiff is warned that future motions should

3   be brought in good faith and must be appropriately noted and served in a timely manner.   Failure to

4   do so may result in sanctions, which may include costs, monetary sanctions, and possibly dismissal of

5   the action.  Accordingly, plaintiff's "motions to allow proper filings" (Dkt. # 190) and "notification"

6   (Dkt. #212) are **DENIED.**

7        **3.**     **Motion for Production of Documents**

8        Finally, plaintiff seeks to compel the production of documents.  (Dkt. # 195).   Defendant

9   indicates that boxes of documents produced, which plaintiff indicated he had not received since his

10   transfer from Stafford Creek Corrections Center to the Airway Heights Corrections Center have now

11   been shipped to plaintiff free of charge and were placed in the property room waiting plaintiff for call out

12   on June 23, 2006.  Thus, there does not appear to be any need to compel production of these documents.

13   While there are requests that were not answered due to objections or the assertion of privilege, plaintiff

14   does not indicate in his motion that he has met and conferred with opposing counsel on those issues prior

15   to filing this motion as required by Local Rule 37 (a) (2)(A) and Fed. R. Civ. P. 37(a)(2)A).

16   Accordingly, plaintiff's motion to compel (Dkt. # 195) shall be **DENIED**.

17        (2)   The Clerk is directed to send copies of this Order to plaintiff and counsel for defendant.

18

19        DATED this   17th   day of August, 2006.

20

21

22

23                             Karen L. Strombom

                                 United States Magistrate Judge

24

25

26

27

28   ORDER - 3