UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

    Plaintiff,

v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C04-5161 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR:**
**OCTOBER 27, 2006**

    This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Before the Court is plaintiff's motion for preliminary injunction and temporary restraining order.  (Dkt. # 217).

## I. STATEMENT OF FACTS

    Plaintiff seeks a temporary restraining order to amend the prison procedures at the Airway Heights Corrections Center (AHCC) governing copies and postage for legal documents for indigent inmates.  As an indigent inmate, Plaintiff is limited to $4.00 ($3.80) per week in postage; with $7.80 provided for a verifiable court date.  Plaintiff is also limited to 500 photocopies per week.  Additionally, Plaintiff is allowed 10 postage stamps per week and 10 additional postage stamps when the first 10 are used up for legal mail.  (Dkt. # 225, Exh. 1).  This results in $7.80 per week for legal

REPORT AND RECOMMENDATION - 1

mail postage. (Id.)

Although, per DOC 590.500, Plaintiff is permitted unlimited legal copies, those copies must be ready to mail immediately after copying to prevent misuse of copying resources. (Id., Exh. 1, ¶6, Attach. B, DOC 590.500(VIII)(A)). As Plaintiff often requests thousands of pages of copies, AHCC staff contacted the mailroom to determine how many pages could be sent for $7.80, and were told 500 pages. (Id., at Exh. 1, ¶6). Therefore, Plaintiff is currently restricted to 500 copies per week, as that is all he is able to mail out. (Id.).

Since arriving at AHCC on May 17, 2006, Plaintiff has accumulated $86.81 in legal postage debt and $274.40 in legal copying debt. (Id., at Exh. 1, Attach. C).

Plaintiff complains that the "limitations" imposed by prison policies made it impossible to file a timely reply brief to his Motion for Temporary Restraining Order to prevent his transfer to AHCC. (See Dkt. # 171). Plaintiff filed his original TRO on May 16, 2006. (Id.). Plaintiff filed his reply brief in support of that motion on July 27, 2006. (Dkt. # 204). Between those dates, Plaintiff filed a letter to Superintendent Miller-Stout (Docket Nos. 177, 178), a motion to impose Plaintiff with the new scheduling order (Dkt. # 180), notice to court (Dkt. # 181), a reply in support of his motion to impose Plaintiff with the new scheduling order (Dkt. # 189), a motion to allow proper filings of all relevant motions (Dkt. # 190), a motion to compel (Dkt. # 195), a motion for the appointment of counsel (Dkt. # 198), declaration (Dkt. # 199), and objections to the report and recommendation (recommending denial of Plaintiff's TRO) (Dkt. # 201), and declaration (Dkt. # 202).

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act, 18 U.S.C. § 3626 (PLRA), Plaintiff is not entitled to prospective relief unless the court enters the necessary findings required by the Act:

REPORT AND RECOMMENDATION - 2

    The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of a Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A) (emphasis added).

    In civil rights cases, injunctions must be granted sparingly and only in clear and plain cases. Rizzo v. Goode, 423 U.S. 362, 378 (1976). The purpose of a preliminary injunction is to preserve the status quo between the parties pending a final determination on the merits. Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981); Chalk v. United States Dist. Ct., 840 F.2d 701, 704 (9th Cir. 1988). It is appropriate to grant in a preliminary injunction "intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945); Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997).

    In order to justify the extraordinary measure of injunctive relief under Federal Rule of Civil Procedure 65, the moving party bears a heavy burden. Canal Authority of the State of Florida v. Callaway, 489 F.2d 567 (5th Cir. 1974). A party seeking a preliminary injunction must fulfill one of two standards: the "traditional" or the "alternative." Johnson v. California State Bd. Of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995); Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). Although two tests are recognized, they are not totally distinct tests. Rather, they are "extremes of a single continuum." Funds for Animals, Inc. v. Lujan, 962 F.2d 1391, 1400 (9th Cir. 1992).

    Under the traditional standard, a court may issue preliminary relief if it finds that: (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public

REPORT AND RECOMMENDATION - 3

interest favors granting relief. <u>Cassim</u>, 824 F.2d at 795. Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. <u>Id.</u> at 795. Under either test, Plaintiff fails to carry his burden to obtain preliminary injunctive relief in this case.

### III. DISCUSSION

As an initial matter, the Court notes that the relief sought by Plaintiff – to amend the procedures at AHCC – cannot be implemented through Doug Waddington, as Mr. Waddington is not the superintendent at AHCC and not Plaintiff's current custodian.

Defendants have addressed Plaintiff's claims on the merits, however and argue that Plaintiff fails to show that he is at risk of actual or substantial injury without intervention of the Court. The Court agrees. The only "actual injury" Plaintiff refers to is the injury he claims he suffered when he was unable to timely file his Reply to his original TRO. However, as noted above, Plaintiff filed eleven documents before he decided to file his reply to his TRO. Although Plaintiff's postage and copying resources may be somewhat limited, these limitations do not appear to have interfered unduly with his ability to "fill up this Court's calendar needlessly with senseless motions." (*See* Dkt. 216 at 3). In addition, Plaintiff was able to file Objections to the Report and Recommendation denying his TRO, which contained virtually the same arguments as his Reply. Therefore, the Court finds no prejudice resulted in any late filing of his Reply.

The Court also finds no justification for the extraordinary relief requested by Plaintiff – that the Court interfere in the DOC's administration of its policies relating to mail and postage for indigent litigants. As the record in this case clearly reflects, Plaintiff has demonstrated an ample

REPORT AND RECOMMENDATION - 4

ability to litigate his case. His numerous motions and notices belie his allegations that he is being denied access to the courts. All of his numerous motions have been received, noted and considered by the Court. As has been noted by Defendants, the briefing scheduling in this Court for most motions allows three weeks for a response. Within those time limitations, Plaintiff should have approximately 60 stamps and 1500 pages of copies to reply to a motion. Thus, Plaintiff should have more than sufficient resources available to him as motions are limited to 12 pages and replies to six.

### IV.  CONCLUSION

The court recommends that Plaintiff's motion for preliminary injunction (Dkt. # 217) be **DENIED**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 27, 2006**, as noted in the caption.

DATED this  26th   day of September, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5