UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEITH L. NASH,

    Plaintiff,

  v.

DOUG WADDINGTON, *et al.*,

    Defendants.

Case No. C04-5161FDB/KLS

ORDER DENYING MOTIONS FOR JOINDER AND TO AMEND COMPLAINT

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the Court are Plaintiff's motions for joinder (Dkt. # 227) and to amend the complaint (Dkt. # 232). Defendants oppose the motions on the grounds that permitting joinder and amendment at this late date in the litigation is futile and would unduly prejudice them. The Court agrees, and for the reasons stated herein, finds that the motions should be denied.

## I. Factual and Procedural Background

Plaintiff alleges that Defendant Doug Waddington, the Superintendent of Stafford Creek Corrections Center (SCCC), violated his right to access the courts when he was denied access to the law library and his legal materials for a sixty day period in 2002. (Dkt. # 4). Plaintiff originally attempted to sue Dan Van Ogle and Elizabeth Tiapula, but failed to name them in the caption or provide their addresses for service. On May 17, 2004, Plaintiff filed an Amended Complaint. (Dkt. # 11). Again, Plaintiff apparently intended to name Elizabeth Tiapula and Dan Van Ogle as Defendants, but failed to provide addresses or properly name them as Defendants. Id. Plaintiff did

ORDER - 1

not provide service information to the Marshal's Office and neither individuals were served.

Thereafter, Defendant Waddington filed a summary judgment motion requesting that the suit be dismissed against him for failure to allege personal participation. (Dkt. # 44). In response, Plaintiff filed a motion to amend his complaint. (Dkt. # 47). The Court granted Plaintiff's motion to amend, noting that "[n]ormally, the court would not consider a motion of this nature at this late date." (Dkt. # 57). The Court also noted that "Plaintiff indicates he does not wish to add C.U.S. Van Ogle." Only Defendant Tiapula was added and a new Scheduling Order was entered. Plaintiff was given "until February 18, 2005, to submit service copies of the amended complaint and a filled-out Marshal Service form for defendant Tiapula." (Id.). Plaintiff failed to do so.

On December 22, 2005, summary judgment was granted as to Defendant Waddington. (Dkt. # 102, 149). The dispositive motion deadline was October 5, 2006, the day before the noting date for this motion to amend. (Dkt. # 187). The parties have engaged in extensive discovery and motion practice. Plaintiff argues that he discovered information during the discovery phase "by Defendant Tiapula" that makes it necessary to now join former Defendant Doug Waddington, Dan Van Ogle, and Sergeant Dennis Dahne as parties to this litigation. (Dkt. # 227). Plaintiff also argues that it is necessary to amend his Complaint to add these parties. (Dkt. # 232).

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Otherwise, the party "may amend the party's pleading only by leave of court or by written consent of the adverse party." Id. Leave to amend "shall be freely given when justice so requires," and "this policy is to be applied with extreme liberality." Id.; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). After a responsive pleading has been filed, "leave to amend should be

ORDER - 2

granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Martinez v. Newport Beach City, 125 F.3d 777, 786 (9th Cir. 1997).

A proposed amendment that necessitates reopening discovery or that creates the need for further discovery causes undue prejudice to the opposing party. Lockhead Martin Corp. v. Networth Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999). The Court finds that plaintiff's motion to amend his complaint should be denied as untimely, prejudicial and because it will cause undue delay in the disposition of this case.

The discovery cutoff date in this case was September 8, 2006 and the parties have completed discovery. The addition of new parties will necessarily require the reopening of discovery, thus delaying these proceedings unnecessarily. *See*, Lockhead Martin Corp. v. Network Solutions Inc., 194 F.3d 980, 986 (9th Cir. 1999) (a need to reopen discovery and delay in proceedings supports finding that amendment would prejudice opposing party). The dispositive motion deadline of October 5, 2006, a date which the parties appear to have met in a timely manner, has also passed. Permitting an amendment which brings in additional parties at this late date after the parties have already engaged in extensive motions practice will also unduly delay this case and impose an unfair burden on Defendants.

Although the amendment rules are liberal, they do not require that courts indulge in futile gestures. Deloach v. Woodley, 405 F.2d 496, 497 (5th Cir. 1968). If a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a). Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646 (9th Cir. 1984); Glick v. Koenig, 766 F.2d 265 (7th Cir. 1985). Plaintiff has not provided the Court with a proposed amended complaint. It appears, however, that his proposed amendments are limited to the addition of Defendant Waddington, Dan Van Ogle and Dennis Dahne.

ORDER - 3

Plaintiff states that the addition of these parties has been made necessary by information discovered during discovery but Plaintiff does not state what information was discovered. The Court will address each of the proposed Defendants in turn.

As to Defendant Waddington, Plaintiff's claims against Defendant Waddington have already been adjudicated in this Court and were dismissed from this litigation. Therefore, Plaintiff's sole remedy at this stage in the litigation vis-a-vie Defendant Waddington is to appeal the decision of this Court.

As to Plaintiff's attempts to join Dan Van Ogle, Plaintiff was aware that Dan Van Ogle was involved with the events of 2002, as he initially listed him in his Complaint in March 2004. In considering Plaintiff's previous motion to amend, Plaintiff indicated that it was his wish not to add C.U.S. Van Ogle but only to add Defendant Tiapula. (Dkt. # 57). Plaintiff's attempt to add Mr. Van Ogle now is untimely and insupportable.

Finally, as to Sergeant Dennis Dahne, Plaintiff has provided the Court with no proposed amended Complaint and Defendants speculate that Plaintiff seeks to add Sergeant Dahne because he signed a response to a kite that Mr. Nash sent to the law library. Sgt. Dahne requested that Plaintiff provide him with a court date to receive legal access in the IMU. (Dkt. # 11, Exh. G). Defendants argue that the kite signed by Sgt. Dahne was provided by Plaintiff with his original Complaint and therefore, Plaintiff should have been aware of Sgt. Dahne and his possible involvement in the events surrounding this lawsuit at the time he filed his original pleading. In addition, Defendants argue that there was no new information received during discovery that would make Sgt. Dahne's involvement more clear than his signature on the kite in question.[1]

---

[1] Defendants also argue that Plaintiff's attempt to join Sgt. Dahne is futile because he cannot state a claim against him for the same reasons he could not state a claim against Defendant

ORDER - 4

The record reflects that Plaintiff was aware or should have been aware of Sgt. Dahne's possible involvement in the events surrounding this lawsuit at the time he filed his original pleading. Adding Sgt. Dahne as a party at this late stage of the litigation will result in prejudice and will unnecessarily delay these proceedings as discovery and motions practice are reopened to address the issues surrounding Sgt. Dahne's alleged involvement, when these issues should rightfully have been addressed at the outset of this litigation. Plaintiff's failure to articulate the newly discovered information which purportedly supports the need for his amendment also leads the Court to conclude that his motions for joinder and amendment should be denied.

### III.  CONCLUSION

Accordingly, Plaintiff's motion to join additional parties (Dkt. # 227) and to amend his Complaint (Dkt. # 232) are **DENIED**.   The Clerk is directed to send copies of this Order to Plaintiff and to counsel for Defendants.

DATED this 31st day of October, 2006.

Karen L. Strombom
United States Magistrate Judge

---

Waddington. Defendant Waddington was dismissed from this lawsuit because his decision to uphold the decisions of SCCC staff was found to be reasonable as no SCCC staff were ever provided with a verifiable court deadline by Plaintiff. Thus, Defendants argue adding additional SCCC staff to this lawsuit can be nothing but futile because it does not change the underlying circumstances surrounding Plaintiff's claims. As the Court has no proposed allegations before it and finds the untimeliness of Plaintiff's joinder attempt sufficient reason for denial, it need not engage in such speculation.

ORDER - 5